UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>           Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>           Defendants. | Case No. 16-cv-06950-KAW<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 23 |

Plaintiff John Doe filed the instant suit against Defendants, alleging that Defendants, without probable cause, had caused Plaintiff to be declared "gravely disabled" and involuntarily detained for mental health reasons. (Compl. ¶ 20, Dkt. No. 1-1.) Plaintiff brings claims for: (1) violation of 42 U.S.C. § 1983, based on deprivations of Plaintiff's First Amendment right to petition and Fourth Amendment right to be free from unreasonable seizure; (2) discrimination based on disability, medical condition, psychiatric condition, and sexual orientation; (3) false arrest and excessive force; (4) false arrest and false imprisonment; (5) assault and battery; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) trespass; (9) conversion; (10) invasion of privacy; and (11) negligent hiring, training, and retention. (Compl. ¶¶ 489-592.)

On December 2, 2016, Defendants removed the case to federal court. (Dkt. No. 1.) On February 10, 2017, Plaintiff filed a motion for permission for electronic case filing. (Dkt. No. 10.) On February 21, 2017, the Court granted Plaintiff's motion, but required that Plaintiff file an amended complaint under his real name. (Dkt. No. 11.) Plaintiff then filed a motion for leave to file a motion for reconsideration of the Court's order that Plaintiff file an amended complaint under his real name. (Dkt. No. 18.) At the initial case management conference, the parties agreed

1  to allow Plaintiff to file his motion for reconsideration, and the Court issued an order setting a
2  briefing schedule. (Dkt. No. 22.)

Pursuant to the Court's briefing schedule, Plaintiff filed the instant motion for reconsideration on March 30, 2017. (Plf.'s Mot., Dkt. No. 23.) Defendants filed their opposition on April 13, 2017. (Defs.' Opp'n, Dkt. No. 25.) Plaintiff filed his reply on April 20, 2017. (Plf.'s Reply, Dkt. No. 26.)

The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion for reconsideration.

## I. LEGAL STANDARD

District courts possess the "inherent procedural power to reconsider, rescind, or modify an interlocutory order" before entry of final judgment. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also* Fed. R. Civ. P. 54(b) (stating that any order or decision which does not end the action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). Reconsideration is appropriate where: (1) a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought; (2) the emergence of new material facts or a change of law after the time of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order. (Civil L.R. 7-9(b).)

## II. DISCUSSION

"Ordinarily, pleadings must identify the parties to a suit." *Doe v. Metro. Life Ins. Co.*, Case No. 16-cv-2298-MEJ, 2016 U.S. Dist. LEXIS 64387, at *1 (N.D. Cal. May 13, 2016) (citing Fed. R. Civ. P. 10(a).) In "unusual cases," however, the Ninth Circuit has permitted the use of pseudonyms "when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (internal quotation and modification omitted). Anonymity is thus allowed "in special circumstances when the party's need for anonymity

outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. In making this determination, the district court considers: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to retaliation, (4) the prejudice at each stage of the proceedings to the opposing party, and (5) whether the public's interest in the case would be best served by requiring the litigants to reveal their identities. *Id.*

Here, the Court finds that reconsideration is appropriate because the parties did not previously brief the issue to this Court. The Court also concludes that the use of a pseudonym is appropriate to protect Plaintiff from injury or personal embarrassment, based on Plaintiff's HIV-positive status. In recent years, courts have permitted the use of anonymous pleading where a party is HIV-positive, recognizing that "HIV-positive plaintiffs are in a highly sensitive position and therefore should be allowed to proceed anonymously." *Roe v City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001); *see also Doe*, 2016 U.S. Dist. LEXIS 64387, at *2 (permitting anonymous pleading based on the plaintiff's HIV-positive status); *S.G. v. Mears Transp. Grp., Inc.*, No. 6:14-cv-917-Orl-37KRS, 2014 WL 4637139, at *1 (M.D. Fla. Aug. 12, 2014) (finding that HIV-related privacy interests outweighed the need for disclosure). Furthermore, in this case, Plaintiff states that his HIV-positive status is "now known only to [his] medical providers and to a few close friends," and that his family is not aware of his status. (Plf.'s Mot. at 8.) This implicates significant privacy concerns.

Defendants respond that Plaintiff's HIV-positive status is not "necessary to decide any fact or legal issue in this case," and that "Defendants have no intention of revealing any of this information in order to defend Plaintiff's allegations." (Defs.' Opp'n at 2; *see also id.* at 4 ("here, this case does not depend on Plaintiff's HIV status, neither in the allegations nor in the defense").) The Court disagrees. Plaintiff has brought a discrimination claim based on his HIV-positive status, necessitating disclosure of that status in the complaint. (Compl. ¶ 508 (alleging that Defendants denied Plaintiff "full and equal services because of disability, *HIV status*, psychiatric condition, and sexual orientation) (emphasis added).) Thus, Plaintiff's allegations regarding his HIV-positive status are not, as Defendants suggest, "gratuitous[]." (Defs.' Opp'n at 1.)

Notably, Defendants identify no prejudice to allowing Plaintiff to proceed under a pseudonym, particularly where Defendants are aware of Plaintiff's real name. *Compare with Doe*, 2016 U.S. Dist. LEXIS 64387, at *3 (finding no prejudice to the defendant where the defendant could ascertain the plaintiff's identify from the claim number). Thus, Plaintiff's interest in shielding his identity outweighs any potential prejudice to Defendants. Similarly, Defendants do not explain why the use of a pseudonym in this case will harm the public interest. *See Does I thru XXIII*, 214 F.3d at 1072 ("we fail to see[] how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case"). Thus, the factors weigh in favor of permitting Plaintiff to proceed anonymously in this case.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion for reconsideration, and will permit Plaintiff to proceed under a pseudonym.

IT IS SO ORDERED.

Dated: April 27, 2017

KANDIS A. WESTMORE
United States Magistrate Judge